O

# United States District Court
# Central District of California

| | |
|---|---|
| WILLIE MAYORA, <br><br> Plaintiff, <br><br> v. <br><br> FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-1; HSBC BANK USA, NATIONAL ASSOCIATION; HADI R SEYED-ALI; LAW OFFICES OF LES ZIEVEL; 4041 HALLDALE AVE LOS ANGELES CALIFORNIA 90062; *In Rem* LOT 147 OF PIONEER INVESTMENT AND TRUST COMPANY UNIVERSITY PLACE TRACT; *In Rem* AIN 5021-003-020; *In Rem* AIN 4021-003-010; DOES 1-10, inclusive, <br><br> Defendants. | Case № 2:15-cv-00584-ODW(APJWx) <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE [4]** |

## I.   INTRODUCTION

Pro Se Plaintiff Willie Mayora filed an Application for a Temporary Restraining Order and An Order to Show Cause Why A Preliminary Injunction

Should Not Issue. (ECF No. 4.) The Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits. For the reasons discussed below, the Court **DENIES** Plaintiff's Application.

## II. FACTUAL BACKGROUND

In 2006, Willie Mayora became the owner of 4041 Halldale Ave., Los Angeles, CA 90062. (TRO App., Ex. 2.) He alleges that he is the current owner of the property.[1] (*Id*. at 4–6.) However, according to a Trustee's Deed Upon Sale, in 2010, HSBC, as indenture trustee of the Fieldstone Mortgage Investment Trust Series 2006-1("FMT"), purchased the property. (*Id*., Ex. 1.) On August 12, 2014, HSBC filed suit against Mayora in Los Angeles County Superior Court for unlawful detainer. (*Id*.) The suit is still pending. (Case No. 14U10006.)

On January 26, 2015, Mayora filed suit against numerous Defendants, including HSBC and FMT, in federal court for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692. (Compl.) Plaintiff alleges that HSBC and FMT do not have a contract with him and did not extend him any credit. (*Id*. ¶¶ 48–51.) Plaintiff also alleges that HSBC and FMT participated in a false debt collection foreclosure. (*Id*. ¶¶ 52–54.) He seeks a determination of title, $520,000 in compensatory damages, $520,000 in special damages, and $5,200,000 in punitive damages. (*Id*. ¶¶ 17a–d.)

On January 26, 2015, Plaintiff filed an Application for a Temporary Restraining Order and An Order to Show Cause Why A Preliminary Injunction Should Not Issue. (ECF No. 4.) Documents submitted with Plaintiff's Application include: (1) a November 28, 2007 Notice of Default explaining that Plaintiff owed over $14,000 and needed to take prompt action; (2) an August 5, 2010 Notice of Trustee's Sale explaining that the property would be sold on August 31, 2010; and (3) a December 2, 2010 Trustee's Deed Upon Sale showing that HSBC purchased the property. (TRO App., Ex. 4.)

---

[1] Plaintiff's Application and Complaint contain little factual information. Therefore, the Court looks to exhibits submitted with the Application.

### III. LEGAL STANDARD

A court may issue a temporary restraining order upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is solely to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

The Ninth Circuit employs a "sliding scale" approach to *Winter*'s four-element test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this approach, a preliminary injunction may issue if the plaintiff raises "serious questions going to the merits" and demonstrates that "the balance of hardship tips sharply towards the plaintiff's favor," but only so long as the plaintiff also demonstrates that irreparable harm is likely—not just possible—and that the injunction is in the public interest. *Id.* (internal quotation marks omitted).

Finally, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Thus, a district court should enter preliminary injunctive relief only "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

## IV. DISCUSSION

The Court finds that Plaintiff has failed to demonstrate the first of four elements required to obtain a preliminary injunction: likelihood of success on the merits. Plaintiff does not address whether he is likely to succeed on the merits. According to documents submitted with Plaintiff's Application, he purchased the property in 2006, defaulted in 2007, received notice the property would be sold in 2010, and received proof the property had been sold in 2010. Plaintiff has only provided the Court with the allegation that he does not owe any debt or have any contractual obligations.

Given the documents that establish HSBC purchased the property after Plaintiff's default, the Court cannot rely only on Plaintiff's allegation. Plaintiff must provide documentation.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Application for Temporary Restraining Order and Issuance of An Order to Show Cause Why A Preliminary Injunction Should Not Issue. (ECF No. 4.)

**IT IS SO ORDERED.**

January 28, 2015

                                                        _____
                                                              **OTIS D. WRIGHT, II
                                                        UNITED STATES DISTRICT JUDGE**