O

# United States District Court
# Central District of California

| | |
|---|---|
| WILLIE MAYORA, | Case No. 2:15-cv-00584-ODW(PJWx) |
|             Plaintiff, | **ORDER GRANTING DEFENDANT** |
|     v. | **HSBC'S MOTION TO DISMISS [15]** |
| FIELDSTONE MORTGAGE | **AND GRANTING DEFENDANTS** |
| INVESTMENT TRUST, SERIES 2006-1; | **LAW OFFICES OF LES ZIEVE AND** |
| HSBC BANK USA, NATIONAL | **HADI R. SEYED-ALI'S MOTION TO** |
| ASSOCIATION; HADI R. SEYED-ALI; | **DISMISS [17]** |
| LAW OFFICES OF LES ZIEVE; 4041 | |
| HALLDALE AVE, LOS ANGELES, | |
| CALIFORNIA 90062, | |
|             Defendants. | |

## I.    INTRODUCTION

The instant action is just one of many of Plaintiff's efforts to avoid the consequences of defaulting on his mortgage loan.  On March 18, 2015, Defendant HSBC filed a Motion to Dismiss and a Request for Judicial Notice in Support of the

/ / /

/ / /

Motion.[1]  (ECF Nos. 15–16.)  On March 18, 2015, Defendants Hadi R. Seyed-Ali and Law Offices of Les Zieve ("Attorneys") also filed a Motion to Dismiss and a Request for Judicial Notice in Support of the Motion.[2]  (ECF Nos. 17–18.)  For the reasons discussed below, the Court **GRANTS** Defendant HSBC's Motion to Dismiss and **GRANTS** Defendant Attorneys' Motion to Dismiss.[3]  (*Id.*)

## II.   FACTUAL BACKGROUND

In February 2006, Willie Mayora obtained title to the property 4041 Halldale Avenue, Los Angeles, California 90062 ("Halldale Property").  (Appl. TRO Ex. 2, ECF No. 4.)  On February 22, 2006, Mayora secured a loan for $520,000 with a Promissory Note and Deed of Trust naming Mayora as the "Borrower."  (*Id.* Ex. 3.)  On March 10, 2006, the Deed of Trust was recorded against the Halldale Property.  (*Id.*; RJN HSBC Ex. 2)

Mayora later defaulted on the loan, and, in November 2007, a Notice of Default was recorded initiating foreclosure on the Halldale Property.  (TRO Ex. 4; RJN HSBC Ex. 3.)  In January 2008, the beneficial interest under the Deed of Trust was assigned to HSBC.  (RJN HSBC Ex. 4.)  On August 9, 2010, the Trustee recorded a Notice of Trustee's Sale of the Halldale Property.  (RJN HSBC Ex. 10.)  On November 30, 2010, HSBC obtained title to the Halldale Property at the Trustee's sale, and a Trustee's Deed Upon Sale was recorded.  (TRO Ex. 4; RJN HSBC Ex. 11.)  Although Mayora held no interest in the Halldale Property, on December 28, 2010, he attempted

---

[1]  Defendant HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1 ("HSBC") asserts that Plaintiff erroneously sued Defendant separately as "Fieldstone Mortgage Investment Trust Series 2006-1" and "HSBC Bank USA, National Association."  (Mot. HSBC 2.)

[2]  Defendant HSBC and Defendant Attorneys filed separate Requests for Judicial Notice with many of the same documents.  (ECF Nos. 16, 18.)  The documents relate to the title, default, and foreclosure history of the Halldale Property and to the parties' litigation history.  (*Id.*)  The Court may refer to documents already on the record in this case without taking judicial notice.  To the extent the Court relies on documents not already in the record, both requests are **GRANTED**.

[3]  After carefully considering the papers, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

1    to convey his interest to a third party by executing a Warranty Deed.  (Mot. Attys 13;
2    RJN Attys Ex. 7.)

3         On August 7, 2014, Hadi R. Seyed-Ali, Esq., a lawyer at the Law Offices of Les
4    Zieve, obtained an unlawful detainer judgment against Mayora on behalf of HSBC, in
5    the Los Angeles County Superior Court.  (TRO Exs. 1, 9; Mot. Attys at 7.)   On
6    November 5, 2014, HSBC obtained a quiet title order against Mayora for the Halldale
7    Property, in Los Angeles County Superior Court, which decreed that HSBC had been
8    the sole true owner since the November 30, 2010, foreclosure sale.  (RJN HSBC Ex.
9    16.)

10        On January 26, 2015, Plaintiff Mayora filed the instant action against
11   Defendants HSBC, the Law Offices of Les Zieve, and Hadi R. Seyed-Ali.  (Compl.)
12   Plaintiff also named the Halldale Property as Defendant under several names and
13   descriptions.  (*Id.*)  Plaintiff asserts causes of action for Quiet Title and violations of
14   the Fair Debt Collections Practices Act ("FDCPA").  (*Id.*)  Plaintiff alleges that the
15   Deed of Trust and subsequent foreclosure documents contained technical deficiencies,
16   and therefore the foreclosure was invalid.  (*Id.* at 6 ¶¶ 37–38.[4])  Plaintiff alleges that
17   Defendants are debt collectors under the FDCPA, and all attempts to foreclose
18   pursuant to the Deed of Trust, including the state court unlawful detainer action,
19   violated the FDCPA.  (*Id.* at 7 ¶ 55, 13 ¶ 107.)  Plaintiff also alleges that he is the sole
20   true owner of the Halldale Property, and seeks to quiet title in his name.  (*Id.* at 14
21   ¶¶ 1–2.)  Plaintiff seeks over seven million dollars in statutory, compensatory, and
22   punitive damages.  (*Id.* at 16 ¶¶ 1–4, 17 ¶¶ 6–8.)

23        On March 18, 2015, Defendant HSBC filed a Motion to Dismiss and a Request
24   for Judicial Notice in Support of the Motion.  (ECF No. 15–16.)  On March 18, 2015,
25   Defendant Attorneys also filed a Motion to Dismiss and a Request for Judicial Notice
26   in Support of the Motion.  (ECF No. 17–18.)  Plaintiff has not opposed the Motions to

27

28   [4] Due to the vague and conclusory nature of Plaintiff's allegations, the Court looked to multiple
     paragraphs in the Complaint, but the cited paragraphs best summarize Plaintiff's noted allegations.

Dismiss or Requests for Judicial Notice.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may also disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).

Pro se pleadings are held to less stringent standards than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, "a liberal interpretation of a pro se . . . complaint may not supply essential elements of the claim that were not initially pled.  Vague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 2010)

1  (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

2  Moreover, "the court is not required to accept legal conclusions cast in the form of

3  factual allegations if those conclusions cannot reasonably be drawn from the facts

4  alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

5  ## IV.   DISCUSSION

6       Plaintiff has not obtained legal counsel, and although a pro se litigant's pleading

7  is subject to a liberal interpretation, Plaintiff is or has been a self-represented party in

8  a number of lawsuits in both federal and state court proceedings, several of them

9  involving the Halldale Property.

10  **1.   Quiet Title**

11       Plaintiff seeks to quiet title to the Halldale Property, and alleges that he is the

12  sole true owner.   Defendant HSBC asserts the state court quiet title order bars

13  Plaintiff's cause of action.

14       "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent

15  action of any claims that were raised or could have been raised in the prior action."

16  *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).   "The

17  doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment

18  on the merits, and (3) identity or privity between the parties.'"   *Owens v. Kaiser*

19  *Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio*,

20  123 F.3d at 1192).   State court judgments are entitled to full faith and credit in federal

21  court.   *See* 28 U.S.C. § 1738.

22       Defendant HSBC previously brought a quiet title action against Plaintiff

23  Mayora in state court regarding the Halldale Property, and on November 5, 2014, the

24  state court issued an order quieting title in favor of HSBC.   Because the parties, HSBC

25  and Mayora, and the cause of action, quiet title to Halldale Property, are the same here

26  as in the prior state court action, and the state court order is a final judgment on the

27  merits, *res judicata* bars Plaintiff from re-litigating the quiet title cause of action.

28  Therefore, the Court **DISMISSES** Plaintiff's quiet title cause of action **Without**

**Leave to Amend**.

**2.      Fair Debt Collections Practice Act**

Plaintiff alleges that Defendants violated the FDCPA by conducting unlawful debt collection by foreclosing on the Halldale Property and initiating the unlawful detainer action.  Plaintiff's FDCPA causes of action fail for several reasons.

*a.  Defendant HSBC*

Plaintiff alleges Defendant HSBC's foreclosure-related actions between 2007 and 2010 constituted unlawful debt collection under the FDCPA.  (Compl. at 7–11 ¶¶ 46–97.)  FDCPA causes of action have a statute of limitations of one year from the date of the violation.  15 U.S.C. § 1692k(d).

Plaintiff's latest FDCPA allegation against Defendant HSBC is that the November 30, 2010, Trustee's sale constituted unlawful debt collection.  As such, Plaintiff must have filed his Complaint by November 30, 2011.  However, Plaintiff filed his Complaint on January 26, 2015, more than three years after the statute of limitations expired.  Therefore, Plaintiff's FDCPA cause of action as to Defendant HSBC is barred.

*b.  Defendant Attorneys*

Plaintiff alleges Defendant Attorneys' prosecution of the state court unlawful detainer action in 2014 constituted unlawful debt collection under the FDCPA. (Compl. at 12–13 ¶¶ 104–107.)  "To be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the FDCPA's definition of 'debt collector.'"  *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which* is the collection of any debts, or *who regularly collects or attempts to collect*, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added).  Debt collection that is only "some part" of a defendant's business is insufficient to state a claim under the FDCPA.

1   *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013).

2       The FDCPA applies to lawyers and law firms only if they are regularly engaged

3   in consumer debt-collection litigation on behalf of creditor clients. *See Heintz v.*

4   *Jenkins*, 514 U.S. 291, 294 (1995). Where debt collection constitutes 80–100 percent

5   of an attorney's total work or 70–80 percent of his legal fees, the attorney "is, with no

6   question, a debt collector." *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1303 (E.D. Cal.

7   2009) (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1513 (9th Cir. 1994))

8   (internal quotation marks omitted). Attorneys whose collection actions constitute

9   40–50 percent of their work have also been found to be debt collectors. *Id.*

10       Plaintiff provides only conclusory allegations that Defendant Attorneys are

11   "debt collectors" and no factual allegations as to Defendant Attorneys' business

12   practices. Plaintiff does not allege, for example, that the principal purpose of

13   Defendant Attorneys' business is debt collection or that they regularly collect debts.

14   Because Plaintiff has provided no factual allegations upon which this Court can

15   conclude that Defendant Attorneys are debt collectors, Plaintiff's FDCPA cause of

16   action against them necessarily fails.

17       **c. *Debt Collection under the FDCPA***

18       Plaintiff alleges all the named Defendants violated the FDCPA because the

19   foreclosure constituted illegal debt collection. (Compl. at 7 ¶ 55.) However,

20   "foreclosing on a property does not qualify as the collection of a debt under the

21   FDCPA." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1202 (E.D.

22   Cal. 2013); *Makreas v. First Nat'l Bank of N. Cal.*, 856 F. Supp. 2d 1097, 1100–01

23   (N.D. Cal. 2012); *see also Ligon v. JP Morgan Chase Bank*, No. 11-2504, 2011 WL

24   2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases within the Ninth Circuit).

25   Further, "an unlawful detainer action . . . after foreclosure does not qualify as the

26   collection of a debt within the meaning of the FDCPA." *Hidalgo v. Aurora Loan*

27   *Servs. LLC*, No. 13-1341, 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013).

28       Plaintiff's allegations of FDCPA violations relate solely to foreclosure on the

Halldale Property or the unlawful detainer action based thereon, and neither constitutes debt collection under the FDCPA.  As such, Plaintiff's FDCPA causes of action fail.  For the foregoing reasons, the Court **DISMISSES** Plaintiff's FDCPA causes of action **Without Leave to Amend**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant HSBC's Motion to Dismiss **Without Leave to Amend** and **GRANTS** Defendants Hadi R. Seyed-Ali and Law Offices of Les Zieve's Motion to Dismiss **Without Leave to Amend**.

**IT IS SO ORDERED.**

June 11, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

8